## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Case No. 18-cr-00418-REB-JMC

UNITED STATES OF AMERICA,

v.

1. JIMMY DANG
2. LISA YANG
3. QI LIN WU
4. SANG TENG

_____

## UNOPPOSED THIRD JOINT MOTION FOR CONTINUANCE BASED ON ENDS OF JUSTICE

_____

COMES NOW the undersigned, on behalf of the defendants, Mr. Jimmy Dang, Ms. Lisa Yang, Mr. Qi Lin Wu and Mr. Sang Teng, who request that the Court continue the trial date by one hundred and twenty-six (126) days pursuant to 18 U.S.C. 3161(h)(7)(A) and (B) and *United States v. West*, 828 F.2d 1468 (10th Cir. 1987) in furtherance of the ends of justice.  In support thereof, the defendants state as follows:

### Conferral

Undersigned counsel has conferred with the government who does not oppose the relief requested herein.

### Facts

1.      The defendants are charged in a single count indictment for the Manufacture and Possession with Intent to Distribute 1,000 or more Marijuana Plants in violation of 21 U.S.C. §§ 841(a)(1) et seq.

2.     Following individual status conferences for the first appearing defendants, this case was initially set for trial on November 18, 2018, with defense motions due by October 19, 2018.

3.     Each defendant individually requested a continuance of the trial date and all relevant deadlines.  The Court ultimately granted the requests,[1] excluded ninety (90) days from speedy trial calculations, and set the trial for February 11, 2019 with a motions deadline of December 15, 2018.

4.     On November 20, 2018 the Government filed a *Motion to Disclose A Copy of the Grand Jury Transcript to Defense Counsel* [ECF #105] as to all defendants. Ultimately a Protective Order was granted as to Lisa Yang [ECF #109], Qi Lin Wu [ECF #110], and Sang Teng [ECF #114].  The Grand Jury material has not been disclosed to Jimmy Dang, due to a disagreement as to the terms of the Protective Order.  Counsel for Mr. Dang anticipates resolving that issue in the future.

5.     On December 10, 2018 a *Second Motion to Continue* [ECF #116] was filed by the parties.  That same day the Court referred the matter to Magistrate David L. West. [ECF #117].  Later that day the *Motion to Continue* was granted by Magistrate West, and the previous trial date and motions deadline were vacated. [ECF #118]  The Court set a Joint Status Conference for February 11, 2019.  [ECF #119]

6.     On February 8, 2019, the Court vacated the pending Status Conference due

---

[1] Mr. Teng's Unopposed Motion for an Ends of Justice Act Exclusion From the Time Limitations of the Speedy Trial Act, (ECF # 97], filed on 10/20/18, was found to be moot by this Court on 12/11/18.

to the unavailability of a Mandarin/Cantonese interpreter. [ECF #129].  On February 19, 2019 the Court issued a minute order, setting a Joint Status Conference for April 8, 2019. [ECF #130].  In that same order, the Court tolled speedy trial for all defendants through at least April 15, 2019.  Id.  The Court further stated that if no objection to the Court's Speedy Trial calculation was received by March 1, 2019, any objections were waived.  Id. No party filed an objection to the Court's calculation.

7.      On April 8, 2019 the government and all defendants appeared, either in person or telephonically, for the Joint Status Conference.  At that time the parties agreed to a trial date and motions deadline.  A ten (10) day Jury Trial was scheduled for August 19, 2019, with a Trial Preparation Conference on August 12, 2019, and a Motions Deadline of June 15, 2019.  [ECF #136].

**Law**

8.      The Court may exclude from speedy trial calculations any period of delay arising from a continuance granted by the Court based on the Court's finding that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. 3161(h)(7)(A).  Applicable factors that the Court should consider in determining whether the requested delay should be granted *in this case* include:

a)  Whether a failure to grant the continuance would result in a miscarriage of justice pursuant to 18 U.S.C. § 3161(h)(7)(B)(i);

b)  Whether a failure to grant the continuance would deny counsel for the

Defendant reasonable time necessary for effective preparation, taking into account the exercise of due diligence 18 U.S.C. § 3161(h)(7)(B)(iv); and

c)   The diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; inconvenience to the opposing party, its witnesses, and the Court; and the need for the continuance and the prejudice the defendant might suffer as a result of the district court's denial of the continuance.  *United States v. West*, 828 F.2d 1467, 1470 (10th Cir. 1987).

9.     The decision to grant an "ends of justice" continuance is within the sound discretion of the Court, and is reviewed under an abuse of discretion standard.  *United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009).  "[A]dequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F.3d 1431, 1435 (10th Cir. 1998).  The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "[s]ubsection (h)(7) provides 'much of the Act's flexibility.'"  *Bloate v. United States*, 559 U.S. 196, 213-14 (2010) (quoting *Zedner v. United States*, 547 U.S. 489, 498 (2006)).

10.     In cases involving co-defendants, the court may grant a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."  18 U.S.C. § 1361(6).

When reviewing a defendant's continuance in a multi-defendant case, the court is to weigh the interest and needs of the moving defendant, not merely those of any co-defendant. *United States. v. Theron,* 782 F.2d 1510, 1513 (10th Cir. 1986).

### Argument

11.     This case meets the criteria set forth in 18 U.S.C. § 3161(h)(7) as well as applicable case law.  The requested delay in this case is necessary for undersigned counsel to review and analyze/evaluate *all* of the the government's disclosed evidence in this case, conduct its own investigation into necessary areas, litigate any necessary issues, discuss the case extensively with clients, explore possible dispositions in lieu of trial and most importantly to adequately and effectively be prepared for trial.

12.     This case involves four defendants and alleged criminal activities that span over several states over the period of at least three years, and there are important investigative steps that defense counsel must take in order to be adequately prepared for trial.  Many of these investigative steps cannot be effectively conducted without the assistance of a Mandarin/Cantonese interpreter, which represents the languages spoken by the Defendants.  Even with diligent preparation for trial, the nature of the extreme language barrier continues to impact defense counsel's ability to be prepared for trial based on the special arrangements that must be made to have effective attorney-client communications related to the case.

13.     This continuance is not sought for purpose of dilatory delay, but is sought in truth and fact so that defendants and their counsel may fully investigate the case and

adequately prepare for trial. If counsel and defendants are not provided this opportunity for additional time, a "miscarriage of justice" would undoubtedly occur within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i). Even more, without an extension of time, even with the exercise of due diligence by counsel, counsel would not be able to fully, effectively and adequately prepare for both pre-trial and trial proceedings in a manner that would best protect, defend and represent their respective clients within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv). The granting of this motion will greatly assist in the defendants' abilities to more effectively investigate the case and prepare for trial.

14.     Based on information currently known the defendants, there does not appear to be any risk in this case of harm to the interests of the public, resulting from the requested continuance.

15.     The failure to grant the agreed upon continuance would also make a continuance of these proceedings impossible.  No party objected to the Court's previous tolling of speedy trial through at least April 15, 2019. [ECF #130].  Implicit in the non-objection is the understanding that additional time is necessary to obtain a trial setting that accommodates all the parties' calendars.  No defendant asserted their speedy trial right. *United States v. Larson*, 627 F.3d 1198, at 1207 (10th Cir. 2007).  Though a previous continuance of the trial date and associated deadlines was granted, that was primarily due to the ongoing nature of discovery.

16.     Finally, the parties address the defendants inherent Speedy Trial Right. *United States v. Williams*, 511 F.3d 1044, at 1047 (10th Cir. 2007).  Defendants Yang (#2)

and Teng (#4) are out of custody on bond.  Defendants Dang (#1) and Wu (#3) remain in custody.  By joining in the merits of this motion neither Dang nor Wu are agreeing to forgo their right to reasonable bail.  U.S. Const. amend. VII.

17.    Undersigned counsel has confirmed with AUSA Jeff Graves that the government does not oppose the relief requested in this motion and as a result all defendants feel confident suggesting the granting of this motion will not be inconvenient to the government or its witnesses.

WHEREFORE, for the reasons described above, a continuance of the trial date is necessary in the furtherance of the ends of justice pursuant to 18 U.S.C. § 3161(h)(7). As such, the defendants and government collectively request that the Court continue the trial date and motions deadlines in this matter and approve a one hundred and twenty-six (126) day exclusion from speedy trial calculations.

Dated this 15th day of April 2019

**Whitney and Schowalter, LLC**

 /s/ Brian Schowalter_____
Brian Schowalter #29045
Whitney and Schowalter, LLC
777 Main Ave., Suite 201
Durango, CO 81301
Telephone: (970)259-9759
Fax: (970) 426-4082
Email: brian@durangodefenders.com

**Aviso Law, LLC**

*/s/ Ryan S. Coward*
Ryan S. Coward, #38906
618 N. Tejon St.
Colorado Springs, CO 80903
Telephone: (719) 247-3111
Fax: (719) 297-3814
Email:   ryan@avisolawllc.com


**Stephen R. McCaughey, LLC**

/s/ Stephen R. McCaughey
Stephen R. McCaughey. #2149
9 Exchange Place, Suite 600
Salt Lake City, UT 84111
Telephone: (801) 364-6474
Fax: 801-364-5014
Email: stephen@stephenrmccaughey.com


**Duthie Savastano Brungard, PLLC**

*/s/ Ryan Emery Brungard*
Ryan Emery Brungard
Duthie Savastano Brungard, PLLC
P.O. Box 219
1010 Main Avenue
Durango, CO 81302
Telephone: (970) 247-4545
Fax: 970-247-4546
Email: rbrungard@trialdurango.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of April 2019, I electronically filed the foregoing **UNOPPOSED THIRD JOINT MOTION FOR CONTINUANCE BASED ON ENDS OF JUSTICE** via CM/ECF.

_/s/Kathleen Costello_____
Kathleen Costello